```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
JOSE I. SALDANA,                          :
                    Plaintiff,            :
                                          :   07 Civ. 5893 (DLC)
          -v-                             :
                                          :   OPINION & ORDER
MICHAEL J. ASTRUE, COMMISSIONER OF        :
SOCIAL SECURITY,                          :
                    Defendant.            :
                                          :
-----------------------------------------X
```

Appearances:

Pro se Plaintiff:
Jose I. Saldana
1173 Grand Concourse, # 3-D
Bronx, New York 10452

For Defendant:
Leslie A. Ramirez-Fisher
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Jose I. Saldana brings this action pro se pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), ostensibly seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his eligibility for Supplemental Security Income ("SSI") benefits as provided for under the Social Security Act (the "Act"). Defendant Commissioner of Social Security Michael J. Astrue moves to dismiss this action for lack of jurisdiction or, in the

alternative, for summary judgment. Saldana has not submitted opposition to Commissioner's motion. For the reasons set forth below, the motion for summary judgment is granted.

BACKGROUND

The facts are drawn from the Commissioner's Statement of Facts Pursuant to Local Rule 56.1. These facts are undisputed because Saldana has not submitted any opposition to the Commissioner's motion. On April 16 and April 28, 2003, Saldana filed applications for SSI benefits. The applications were denied on or about July 22, 2003. On January 12, 2005, Saldana requested a hearing before an administrative law judge ("ALJ"). On July 27, 2006, the ALJ dismissed Saldana's case without a hearing because Saldana failed to appear for his scheduled hearing, failed to respond to a Notice to Show Cause for Failure to Appear, and did not otherwise provide a reason to the ALJ for his failure to appear at the hearing. Saldana then requested review by the Appeals Council on August 24. The Appeals Council denied plaintiff's request for review on September 22.

Saldana initiated the instant action on June 21, 2007 by filing a form complaint. Attached to the form complaint was a letter to Saldana dated May 3, 2007, in which the Appeals Council notified him that it was "now setting aside" its September 22, 2006 action "to consider additional information." Having considered said "additional information," however, the

2

Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision."  The Council therefore denied Saldana's request for review and notified him that the ALJ's decision "is the final decision of the Commissioner of Social Security in your case."

The Commissioner moved to dismiss Saldana's complaint on December 18, 2007, contending that this Court lacked jurisdiction over the action because Saldana did not obtain a "final decision made after a hearing," the prerequisite for judicial review of the Commissioner's decision.  In the alternative, the Commissioner moved for summary judgment on the same grounds.  By Order dated December 19, Saldana was required to submit any opposition by January 25, 2008.  No opposition or request for an extension was submitted.  In his motion to dismiss, the Commissioner represented without explanation that, following Saldana's filing of this action, the Appeals Council determined that dismissal of Saldana's request for a hearing was not warranted, and that once court action was taken on this matter, Saldana's case would be returned to an ALJ for a hearing and decision on the merits.

In an order dated February 11, 2008, the Court observed the apparent inconsistency between (1) the Commissioner's representation that, once court action is taken on this matter, Saldana's case will be returned to an ALJ for a hearing and

3

decision on the merits, and (2) the statement made in the May 3, 2007 letter from the Appeals Council to Saldana informing him that his request for review had been denied and that this was "the final decision of the Commissioner of Social Security in your case." The Commissioner was ordered to explain these representations. In a letter dated February 22, 2008, the Commissioner wrote,

> Although the Appeals Council denied plaintiff's request for review of the ALJ's decision dismissing his case, upon further review the Commissioner decided that plaintiff should be given another opportunity to appear for his hearing. In reaching this determination, the Commission noted that although plaintiff did not appear for the scheduled hearing, his representative was present; the Notice of Hearing was sent to an old address; and plaintiff's underlying mental impairments may have affected his ability to function.

Saldana was invited to respond to the February 11 order, but did not do so.

DISCUSSION

When presented with a motion to dismiss, the court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment. Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000). As the Second Circuit has noted, "vigorous enforcement of the conversion requirement helps ensure that courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants'

evidentiary assertions where a court nonetheless does consider evidence extrinsic to the complaint in that context." Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir. 1999). Saldana's complaint and the attached letter from the Appeals Council are bereft of factual allegations. The only facts of record are contained in an affidavit from a Social Security Administration supervisor, submitted by the Commissioner in connection with his motion to dismiss or, in the alternative, for summary judgment.[1] The motion to dismiss is converted to a motion for summary judgment so that these facts can appropriately be considered. The motion for summary judgment is granted because the undisputed facts of record show that this Court lacks jurisdiction over the instant action.

The Social Security Act provides for limited judicial review of final decisions of the Commissioner. See 42 U.S.C. § 405(g). The pertinent provision states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision" in a "district court of the United States." Id. The Supreme Court has made clear that this provision limits judicial review to a "final decision of the

---

[1] In connection with his motion to dismiss, the Commissioner provided Saldana with a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. The Notice informed Saldana that "[t]he claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion."

5

[Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). Further, the Second Circuit has ruled that dismissal by the Commissioner based on a procedural default "is not reviewable by the district court because it is not a final decision within the meaning of § 405(g)." Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983) (citation omitted). Because the undisputed facts of record show that Saldana's administrative proceedings were dismissed by the ALJ without a hearing due to Saldana's procedural default -- that is, his failure to appear at his hearing -- this Court lacks jurisdiction over the action.

CONCLUSION

The Commissioner's December 18, 2007 motion to dismiss is converted into a motion for summary judgment and is granted. Pursuant to the Commissioner's representation to this Court, Saldana has the right to a new hearing on his claims before an ALJ. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         February 25, 2008

                                          /s/ Denise Cote
                                    _____
                                          DENISE COTE
                                    United States District Judge

6

**COPIES SENT TO:**

Jose I. Saldana
1173 Grand Concourse, Apt. 3D
Bronx, NY 10452

Leslie Ramirez-Fisher
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007